IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.    No. 16-CR-4572 MCA

WILLIAM DOUGLAS WARWICK,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' *Motion in Limine to Exclude Irrelevant Evidence*. [Doc. 92] The Court, having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises, hereby **GRANTS-IN-PART** and **DENIES-IN-PART** the *Motion*.

The United States seeks to prevent Defendant from testifying or otherwise presenting evidence that "his criminal acts are excusable or otherwise justifiable because: a) [Defendant believes] that the 2nd Amendment to the United States Constitution supersedes 18 U.S.C. §922(g) rendering the statute unconstitutional; and b) he makes methamphetamine as a medication to treat his ailments." [Doc. 92, p. 2] The specifics of the parties' arguments are discussed as necessary below.

**DISCUSSION**

*Defendant's Belief about the Second Amendment*

Defendant argues that his testimony concerning his belief that the Second Amendment allows him to possess firearms "regardless of his alleged status as either a drug user or a convicted felon" is relevant and permissible under Federal Rule of Evidence 402. [Doc. 104, pp. 1, 4] Defendant relies on analysis by the Court in *United States v. Courtney*, 960 F.Supp.2d 1152, 1163-1168, 1196-97 (D.N.M. 2013) (discussing the Framer's view of the Sixth Amendment and concluding that certain Framers believed that juries should have the power of nullification). Accordingly, Defendant argues that:

> While Mr. Warwick may not have a right to a jury instruction regarding jury nullification, the power of a jury to find a defendant not guilty despite the evidence still exists. As such, the reasons behind Mr. Warwick's alleged possession of the firearms and his beliefs surrounding his understanding of the Second Amendment become relevant as they may assist the jury in rendering a verdict in the matter. Should the jury wish to exercise its role as arbiter of the fairness of the law and its applicability in this matter, it must have information from the defendant to help guide and support its decision making process.
>
> Mr. Warwick is of the belief that application of 18 U.S.C. § 922 to him is inappropriate given the freedoms granted by the Second Amendment and that the jury in his case should have the opportunity to weigh in on the fairness of the statute. Accordingly, since a jury could rule in favor of Mr. Warwick simply because they believe that the law is unfair, Mr. Warwick's beliefs concerning the Second Amendment are relevant because it might help a juror make such a decision.

[Doc. 104, p. 4] Neither the rules of evidence nor controlling case authority supports Defendant's position.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

2

determining the action." Fed. R. Evid. 401. It is the Court's duty to instruct the jury as to what the law is, and, accordingly, Mr. Warwick's belief as to what the Second Amendment means is irrelevant. Fed. R. Evid. 401, 402; *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976) ("It is well-established that the court instructs the jury as to the rules of law and that the jury applies the facts as they find them to those rules. . . . A criminal defendant is not, of course, entitled to have the jury instructed that they can disregard the law." (Internal quotation marks and citations omitted)); *see also Braswell v. United States*, 224 F.2d 706, 710 (10th Cir. 1955) (holding that mistaken understanding regarding one's status as a person prohibited from possessing a firearm was a mistake of law, and thus, "no defense").

Defendant relies on the decision in *Courtney* to argue that jury nullification has a role within the judicial system, and therefore, testimony which would "help a juror make" a decision that a "law is unfair" should be permitted. [Doc. 104, pp. 2-4] I am not persuaded. The discussion in Courtney regarding the role of jury nullification was dicta and is not controlling, either on the issue of jury instructions (the issue in *Courtney*) or on the issue of evidentiary matters (the issue here). In *Courtney*, the Court stated that the defendant

> perhaps should be afforded the opportunity to have the Court instruct the jury, or his counsel be allowed to tell the jury, that, if it finds "the law arising in the case is different from that which the court advances," the jurors are "bound by their oaths, by their duty to their creator and themselves, to pronounce according to their own convictions," rather than according to the dictates of the law.

3

*Courtney*, 960 F. Supp.2d at 1196. However, the Courtney court ultimately held that, while it believed that current Supreme Court and Tenth Circuit law refusing to allow the Court to instruct a jury regarding the possible penalties for conviction is "inconsistent with the Framers' intent in ratifying the Sixth Amendment jury trial right," controlling law required denial of the requested instruction. *Id.* at 1196-97. The defendant appealed the denial of his instruction, and our Tenth Circuit addressed his argument as follows:

> In a lengthy exposition, the district court correctly noted that the role of the Sixth Amendment, like many other portions of our Constitution, has changed over time. However, rather than embarking on a winding and uncertain journey into the minds of the framers, we must follow Supreme Court and Tenth Circuit precedent. Therefore, we state once again that "a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law." *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir.1999).

*United States v. Courtney*, 816 F.3d 681, 686 (10th Cir. 2016), *cert. denied*, 137 S.Ct. 238 (2016). Accordingly, the role of the Court, in the present case, is to instruct the jury on the law and the duty of the jury is to obey the instructions, and these roles have been clear since at least 1895. *Sparf v. United States*, 156 U.S. 51, 102 (1895) ("Upon the court rests the responsibility of declaring the law; upon the jury, the responsibility of applying the law so declared to the facts as they, upon their conscience, believe them to be.").

Additionally, because Defendant's belief regarding the law is irrelevant and because it would be introduced for the improper purpose of assisting jury nullification, it should be excluded under Federal Rule of Evidence 403 because its (non-existent)

4

probative value is substantially outweighed by its unfair prejudicial value, it would be likely to confuse the issues, and it would be likely to mislead the jury. *See United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014) (affirming district court's exclusion of evidence under Federal Rules of Evidence 401 and 403 where the evidence would confuse the jury and lend itself to jury nullification). Allowing evidence which is irrelevant for the purpose of aiding jury nullification could potentially encourage jurors to violate their oath, and thus, such evidence would be prejudicial. *See United States v. Gonzalez*, 596 F.3d 1228, 1237 (10th Cir. 2010) (recognizing that, while "a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath" (internal quotation marks and citation omitted)).

In several contexts, our Tenth Circuit has disapproved of jury nullification. These cases support a conclusion that such testimony is both irrelevant and must be excluded under Federal Rule of Evidence 403. *See United States v. Mason*, 85 F.3d 471, 473 (10th Cir. 1996) ("While we recognize that a jury in a criminal case has the practical power to render a verdict at odds with the evidence or the law, a jury does not have the lawful power to reject stipulated facts. Such a power, if exercised, would conflict with the jurors' sworn duty to apply the law to the facts, regardless of outcome."); *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999) (affirming district court's instruction that the jury is "not to be governed by sympathy, prejudice, or public opinion"; stating: "To the extent the defendant's appeal seeks to require courts to facilitate jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can,

5

despite finding the defendant guilty beyond a reasonable doubt, disregard the law"); *Crease v. McKune*, 189 F.3d 1188, 1190, 1194 (10th Cir. 1999) (finding harmless error where, ex parte, a judge advised a juror to consider the evidence presented at trial and apply the felony murder rule though the juror was "troubled by" the felony murder rule and asked to be excused as a juror; noting that there is no right to jury nullification). Also instructive is an oft-cited case by the Second Circuit, *United States v. Thomas*, 116 F.3d 606, 614, 617 (2nd Cir. 1997), which held that the district court properly excused a juror where the district court came to believe, during deliberations, that the juror would refuse to convict the defendant based on preconceived beliefs, despite the evidence. The Court reasoned that the purpose of voir dire is to excuse jurors who would refuse to apply the law, and thus, dismissal of such a juror even during deliberations was appropriate. *Id.* at 616-17. The Court stated that "it would be a dereliction of duty for a judge to remain indifferent to reports that a juror is intent on violating his oath." *Id.* While none of these cases addressed the admission of evidence relevant only for the purpose of jury nullification, the rationale behind the cases supports the conclusion that allowing such evidence would undermine protections built into the jury trial process to ensure the jury applies the law as instructed by the Court. Such prejudicial testimony will not be admitted into evidence.

In conclusion, Defendant's belief as to the application of the Second Amendment must be excluded from evidence pursuant to Federal Rules of Evidence 402, 403, and controlling law.

### *Testimony Regarding Defendant's Use of Methamphetamine*

The Government initially moved to exclude testimony by Defendant that "his possession of methamphetamine is a 'victimless crime' and he needs 'his potion' as medication." [Doc. 92, p. 6] In his *Response,* Defendant argued that evidence of his "usage of methamphetamine for medicinal purposes" is relevant to the question of whether Defendant possessed the substance with intent to distribute it. [Doc. 104, p. 5] After reviewing Defendant's *Response*, the United States conceded that "given the United States will offer testimony that the amount of methamphetamine which Defendant possessed is consistent with a distributable amount, Defendant's testimony that he intended to use it personally is relevant and admissible." [Doc. 106, p. 4] The United States further "concedes that Defendant may testify that he 'uses methamphetamine as an analgesic pursuant to a rather [rigid] daily regimen' and thus had 'the intention of keeping it for himself for personal/quasi-therapeutic use.'" [Doc. 106, p. 5] Nonetheless, the United States seeks to exclude evidence that Defendant used methamphetamine pursuant to a prescription, for his own personal "medical" needs, and that Defendant's use of methamphetamine is due to a medical necessity and thus exempt from the Controlled Substance Act's prohibitions. [Doc. 106, p. 5] The United States argues that at the hearing on the *Motions to Suppress*, Defendant claimed he had a prescription for the use of methamphetamine which he could obtain from Walgreens. However, Defendant did not produce such prescription, and, according to the United States, "there's

7

no such thing as a prescription for methamphetamine." [Doc. 106, p. 5] Thus, the United States seeks to exclude such testimony.

The Court will allow Defendant to submit evidence that he intended to use the methamphetamine found in his possession personally as that evidence is relevant to the charge of possession with intent to distribute. If the Defendant has not timely produced a prescription for his use of methamphetamine, then Defendant will not be allowed to testify that he uses methamphetamine pursuant to a prescription or on the advice of a doctor.

With regard to the specific use of the word "medical," or like terms, Merriam-Webster defines medical as: "1: of, relating to, or concerned with physicians or the practice of medicine . . . ; 2: requiring or devoted to medical treatment." Merriam-Webster, *Medical*, https://www.merriam-webster.com/dictionary/medical (last visited Sept. 13, 2017) (examples omitted). "Medicine" is defined as "1a: a substance or preparation used in treating disease." Merriam-Webster, *Medicine*, https://www.merriam-webster.com/dictionary/medicine (last visited Sept. 13, 2017) (examples omitted). Defendant will not be allowed to use the term "medical" if, in the context of its usage, its use suggests that a physician prescribed the treatment (unless he has timely produced a prescription). However, Defendant may testify that he uses methamphetamine because he personally believes it treats specific ailments he claims to have. Such testimony is relevant and the proper subject of cross-examination.

All other issues pertaining to Defendant's use of methamphetamine will be considered at trial based on the foundation laid for such testimony. This pretrial evidentiary ruling is subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.

**CONCLUSION**

**WHEREFORE**, the Court hereby **ORDERS** that the United States' *Motion in Limine to Exclude Irrelevant Evidence* is **DENIED-IN-PART** and **GRANTED-IN-PART** as set forth above.

**SO ORDERED** this 30th day of October, 2017 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
Chief United States District Judge